## Dant v. Fidelity & Columbia Trust Co.

Feb. 22, 1946.

Ben F. Washer, John S. Milliken, and Milliken & Handmaker for appellant.

Bullitt & Middleton and Dodd & Dodd for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

We here consider the question as to whether or not Paul F. Dant, father of the appellant, properly exercised his power under appointment as provided in the will of his mother. His mother, Nannie E. Dant, created a trust naming the Fidelity & Columbia Trust Company as trustee, and provided among other things the following, which is the portion pertinent to the issue herein: "Upon the death of one of my sons, the principal of the trust estate created for such son's benefit shall pass, in equal shares, unto the surviving wife and unto the lineal descendants per stirpes by said deceased son; provided, however, that the share of the surviving wife shall be held in trust by the Trustee for the benefit of such surviving wife, she receiving only the income therefrom and upon either her remarriage or death, her share shall pass, in equal parts, to the lineal descendants per stirpes of said deceased child. The share of the lineal descendants of said deceased son shall pass to said de-

scendants in fee or shall be held in trust by the Trustee if so directed by the last will of said deceased son.''

It is obvious under the last sentence above that in order for the trust estate to pass in fee to the appellant, Paul Cummins Dant, his father, Paul F. Dant, needed only to remain silent. It is equally obvious that he could direct that the estate be held in trust by the trustee. He undertook to exercise the power under the alternative provision. By his will he placed in trust as one estate the property he owned individually; the property held under a deed of trust from his father and the trust estate created under the will of his mother. The above property he devised and bequeathed unto the Fidelity and Columbia Trust Company of Louisville to be held in trust as the principal of the trust upon certain conditions, in substance as follows: (a) The powers and duties of the trustee are subject to certain restrictions as to an advisory committee. (b) The trustee shall pay to the son, Paul C. Dant, the sum of $150 per month from the net income until Paul C. Dant shall attain the age of 21 years. (c) After he attains the age of 21 years, and until he attains the age of 25 years, the trustee shall pay for the son's use and benefit in monthly, or other convenient installments, the entire net income from the trust estate. (d) When he attains the age of 25 years, the trustee shall pay him in fee 1/40 of the principal of the trust estate and shall also pay him in fee any accumulated income in the custody of the trustee at that time. (e) The trustee shall thereafter each year pay to the son in fee out of the trust estate a sum equal to 1/40 of the principal of the trust estate as it existed at the time he became 25 years of age and continue such annual payments until the trust is exhausted. (f) He made provision for the vesting of any remainder in event of the death of the son before an exhaustion of the principal by the payments above.

The appellant, Paul Cummins Dant, was the only child of Paul F. Dant, and a grandson of Nannie E. Dant. He was 16 years of age at the time of his grandmother's death. In his petition below he sought to have the court declare the will of his father, Paul F. Dant, invalid insofar as he had assumed to exercise power which he apparently read into the will of his mother. The lower court dismissed his petition. He appeals.

The appellant sets out six contentions in urging a

reversal of the court below, namely: (1) That there was no valid power conferred upon Paul F. Dant by the will of Nannie E. Dant to Paul F. Dant for life; (2) it clearly appears from the will of Nannie E. Dant, that it was not her intention to burden the share of any of her grandchildren with such limitations and future estates, as Paul F. Dant, by his will attempted to graft on the will of Nannie E. Dant; (3) the law favors a construction that vests a fee whenever there is any doubt as to the validity of an attempted limitation on a fee; (4) that the attempted exercise of the alleged power by Paul F. Dant, as provided in his will, is violative of the Kentucky Revised Statutes, Section 381.220, in that the limitation contained in the will of Paul F. Dant suspended the power of alienation beyond the period provided for in the statute; (5) that the reference in the will of Nannie E. Dant as follows: "shall be held in trust by the Trustee if so directed by the last will of said deceased son" was wholly insufficient to create a trust or, if any trust was created, it was by a dry or passive trust conferring no duties upon the trustee and stating no objects or purposes to be accomplished by such alleged trust, and (6) that if any power was conferred by said will upon Paul F. Dant that his attempted exercise of it was void and of no effect.

Excepting (4) above, we shall discuss the contentions generally without reference to any particular one since application of the underlying principle supporting our conclusion herein involves an intermingling of those contentions, each of which has bearing but no one of which may be entirely controlling.

Although Paul F. Dant made reference in his will to the will of his mother, Nannie E. Dant, it is obvious that he assumed that he had a general unlimited power of appointment under his mother's will, as evidenced by the force and effect of his own will. We must, therefore, interpret the parts of the two wills in terms of their meaning in relation to the whole, since the design of the parts may be ascertained by the design of the whole.

It is significant to note that in the will of Paul F. Dant he said, "All of the property which I may at my death have the power to dispose of under * * * said will made by my mother." He undoubtedly assumed that

he had power to dispose of that estate in the same manner, and with the same authority he had in disposing of his own individual property. It must be noted, however, that in Item 3 of the will of Nannie E. Dant she bequeathed and devised unto the Fidelity & Columbia Trust Company, trustee, the property in question and directed that it be held by the trustee under certain very well-defined terms and conditions. It can be readily observed that Paul F. Dant had no right under his power to make disposition of the property. The property had already been disposed of under the will of his mother, wherein it was to vest in fee simple or to be held by the trustee if so directed by her son. He merely had a right of direction and not a right of disposal.

A common sense view demands that we base our conclusion on practical reason rather than on the logic of theoretical reason. It is imperative, first, that we get firmly fixed in mind the estate created by Nannie E. Dant and keep that estate in mind as the objective. She created this trust estate and placed it in the hands of a trustee for the use and benefit of her son, Paul F. Dant, delegating to the Trustee almost an entirely exclusive control, so much so that it appears to be nothing less than a spendthrift trust created for her son. She then provided that that particular estate should pass in fee to the descendants of Paul F. Dant at his death, or that it should be held in trust by the trustee, if so directed by will of her son, Paul F. Dant. She created the trust. She named the limitations to be placed upon the trust. She placed the trust in the hands of the trustee, which was holding it up to the time when it should either vest in fee simple, or if so directed, be held by the trustee in trust.

The terms "held" and "so directed" are all important in a proper analysis and consideration of this question. There appears to be no thought of granting a power to name some other trustee, or to set up another trust estate in which there is intermingled property individually owned by the donee of that power, and property under the trust estate from his father, with limitaions and conditions thereon resting entirely within the fancies of her son.

It is necessary, in considering a power of appointment, to treat the instrument of creation and the instrument of execution as a single instrument, otherwise we might be driven to different illations. There follows, then,

the necessity of guarding against superficiality, which invariably accompanies a partial view. It appears to be fundamental that under power of appointment the donee merely acts for the donor and the power, when exercised, must be held to relate back to the time of the creation of the power, and to operate as if it had been originally contained in the donor's will. The underlying dogma of the law of powers of appointment is that such interest constitutes transfers from the donor of the power, not from the donee. In practically all, if not all jurisdictions, there seems to be fundamental acceptance of this view with very few departures therefrom. See Liggett v. Fidelity & Columbia Trust Co., 274 Ky. 387, 118 S. W. 2d 720; Jarman on Wills; Simes on Future Interests; Restatement of Property; Leach, Cases on Future Interests, 2d Ed., 1940; American Jurisprudence, Trusts; Paige on Wills.

Paul F. Dant could exercise the power under his mother's will only within the limits of authority imposed by the will. Nothing herein indicates a desire or purpose to entrust the estate to another trustee nor entrust the son with power to create another or different trust. The sole authority granted him was to direct that the estate be held in trust by the trustee. It will be observed that in the exercise of this power he did name the trustee as named by his mother. He created, first, therein an unnamed advisory committee. He then placed a limitation of payment of $150 per month until his son became 21. He then enlarged the benefits to all the income from the estate for the period from the age 21 to age 25, and then undertook so to control the property as to allow 1/40 to vest in fee simple each and every year ·thereafter until the entire principal had been exhausted, thus creating a partial trust with new and unexpressed limitations, when considered with the original instrument; continuing as a trust in its entirety for a while; a portion of it continuing throughout most of the remaining lifetime of his son, Paul Cummins Dant; and a portion to pass in fee by installments, thereby fashioning a hybrid estate, inconsistent with, and utterly unlike the trust created under the original instrument.

We believe it was an invalid exercise of power, wholly without authority under the power of appointment, and, consequently, void and no more effective than if he had remained entirely silent, thereby allowing the

estate to vest in fee simple. The court erred in dismissing the petition and in holding otherwise.

Thus concluding, it is entirely unnecessary to enter the realm of the rule against perpetuities with all of its ponderous ramifications.

The judgment is reversed with directions to enter judgment in keeping herewith.